# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA CARRIERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-330-LPS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BARNES & NOBLE, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT BARNES & NOBLE, INC.'S ANSWER TO PLAINTIFF DATA CARRIERS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Barnes & Noble, Inc. ("Barnes & Noble") hereby answers Plaintiff Data Carriers, LLC's ("Plaintiff" or "Data Carriers") Complaint for Patent Infringement ("Complaint"), dated March 16, 2012, as follows:

## PARTIES

1.   Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2.   Barnes & Noble admits that it is a Delaware corporation with its principal place of business in New York, New York.  Barnes & Noble admits that it may be served with process by serving its Registered Agent, Capitol Services, Inc., located at 615 South Dupont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

3.   Barnes & Noble admits that the Complaint purports to state a cause of action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. Barnes &

Noble admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1338(a).

4.     Barnes & Noble admits that this Court has personal jurisdiction over Barnes & Noble.  Barnes & Noble denies the remaining allegations of Paragraph 4 of the Complaint.

5.     Barnes & Noble admits that venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), and that it has contacts with this forum.  Barnes & Noble denies the remaining allegations of Paragraph 5 of the Complaint.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 5,388,198)

6.     Barnes & Noble admits that U.S. Patent No. 5,388,198 ("the '198 patent") is entitled "Proactive Presentation of Automating Features To a Computer User" and indicates on its face that it was filed on April 16, 1992, issued on February 7, 1995, and was originally assigned to Symantec Corporation.  Barnes & Noble admits that Exhibit A to the Complaint purports to be a copy of the '198 patent.  Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint, and therefore denies them.

7.     Barnes & Noble denies that it has been and now is directly and/or jointly infringing any valid, enforceable claim of the '198 patent.  Barnes & Noble further denies that Plaintiff has been injured as a result of Barnes & Noble's conduct.  Barnes & Noble further denies any liability to Plaintiff.  Barnes & Noble denies the remaining allegations of Paragraph 7 of the Complaint.

8.     Barnes & Noble denies that it has been and now is directly and/or jointly infringing any valid, enforceable claim of the '198 patent, willfully or otherwise.  Barnes & Noble objects to the remaining allegations of Paragraph 8 of the Complaint.

9. Barnes & Noble denies that it has been and now is directly and/or jointly infringing any valid, enforceable claim of the '198 patent. Barnes & Noble denies the remaining allegations of Paragraph 9 of the Complaint.

10. Barnes & Noble denies that it has been and now is directly and/or jointly infringing any valid, enforceable claim of the '198 patent. Barnes & Noble further denies that Plaintiff has been injured as a result of Barnes & Noble's conduct. Barnes & Noble further denies any liability to Plaintiff. Barnes & Noble further denies that Plaintiff is entitled to any monetary damages regarding the '198 patent from Barnes & Noble. Barnes & Noble denies the remaining allegations of Paragraph 10 of the Complaint.

## PRAYER FOR RELIEF

Barnes & Noble denies that Plaintiff is entitled to the relief requested in Paragraphs A-E of Plaintiff's Prayer for Relief. Therefore, Barnes & Noble requests that this Court deny Paragraphs A-E of Plaintiff's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Barnes & Noble admits that Plaintiff requests a trial by jury of any issues so triable by right. Barnes & Noble also requests a trial by jury on all issues so triable.

## GENERAL DENIAL

Except as expressly admitted herein, Barnes & Noble denies each and every allegation contained in Plaintiff's Complaint.

{00621026;v1 }

## AFFIRMATIVE DEFENSES

Barnes & Noble asserts the following affirmative defenses to Plaintiff's claims for patent infringement. The assertion of an affirmative defense is not a concession that Barnes & Noble has the burden of proving the matter asserted.

### First Affirmative Defense

Barnes & Noble does not infringe and has not infringed any valid and enforceable claim of U.S. Patent No. 5,388,198 ("the '198 patent") literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

### Second Affirmative Defense

Each of the claims of the '198 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, Sections 102, 103, and 112.

### Third Affirmative Defense

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or services are supplied, directly or indirectly to Barnes & Noble by an entity or entities having express or implied licenses to the '198 patent and/or (ii) under the doctrine of patent exhaustion.

### Fourth Affirmative Defense

By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '198 patent, Plaintiff is estopped from claiming infringement by Barnes & Noble of one or more claims of the '198 patent.

**Fifth Affirmative Defense**

Plaintiff is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.

**Sixth Affirmative Defense**

Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**Seventh Affirmative Defense**

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Barnes & Noble pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

Barnes & Noble reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Defendant/Counterclaimant Barnes & Noble, Inc. ("Barnes & Noble") states the following Counterclaims against Plaintiff/Counterdefendant Data Carriers, LLC ("Plaintiff" or "Data Carriers"):

1.  This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Barnes & Noble requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 5,388,198 ("the '198 patent"); and (ii) the '198 patent is invalid.

2. Barnes & Noble is a Delaware corporation with its principal place of business in New York, New York, and may be served with process by serving its Registered Agent, Capitol Services, Inc., located at 615 South Dupont Highway, Dover, Delaware 19901.

3. According to Plaintiff's Complaint, Plaintiff is a Delaware limited liability company having its principal place of business at 4023 Kennett Pike, Suite 531, Wilmington, Delaware 19807.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Plaintiff by virtue of the fact that Plaintiff has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## FACTUAL ALLEGATIONS

7. According to Plaintiff's Complaint, Plaintiff is the owner, by assignment, of the '198 patent and has title to whatever rights, if any, may exist in the '198 patent.

8. Plaintiff has sued Barnes & Noble for infringement of the '198 patent.

9. Barnes & Noble does not infringe and has not infringed literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability any valid and enforceable claim of the '198 patent.

10. Upon information and belief, all claims of the '198 patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

## CLAIM I
**(Declaratory Judgment of Non-Infringement)**

11.     Barnes & Noble realleges and reincorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

12.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning Barnes & Noble's non-infringement of the claims of the '198 patent.

13.     Barnes & Noble is entitled to a judicial declaration that it has not infringed and does not infringe any valid, enforceable claim of the '198 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## CLAIM II
**(Declaratory Judgment of Invalidity)**

14.     Barnes & Noble realleges and reincorporates the averments of Paragraphs 1 through 10, inclusive, of its Counterclaims as if set forth herein in full.

15.     There is an actual and justiciable controversy between the parties concerning the invalidity of the '198 patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

16.     Barnes & Noble is entitled to a judicial declaration and order that the '198 patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Barnes & Noble requests judgment in its favor and against Plaintiff as follows:

(i) Plaintiff recovers nothing and its Complaint is dismissed with prejudice;

(ii) The Court declares that Barnes & Noble has not infringed and does not infringe the '198 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability;

(iii) The Court declares and Orders that the '198 patent is invalid;

(iv) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and awards Barnes & Noble its reasonable attorney fees in this action;

(v) All costs be taxed against Plaintiff; and

(vi) Barnes & Noble is granted such other and further relief as the Court deems just and proper.

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. # 3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th floor
Wilmington, Delaware  19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant Barnes & Noble, Inc.*

{00621026;v1 }

*Of Counsel:*

William H. Baker
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 212-210-9487
Fax: 212-922-3888

Holly S. Hawkins
Daniel Huynh
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000
Fax: 404-881-7777

Dated: April 10, 2012

9

{00621026;v1 }